949 P.2d 590

STATE of Idaho, Plaintiff–Respondent,

v.

Erma D. HANSON, Defendant–Appellant.

Nos. 22795.

Court of Appeals of Idaho.

Nov. 26, 1997.

Review Denied Jan. 26, 1998.

Rude, Jackson & Daugharty, Coeur d'Alene, for appellant. Dan J. Rude, argued.

Alan G. Lance, Attorney General, Craig G. Bledsoe, Deputy Attorney General (argued), Boise, for respondent.

LANSING, Chief Judge.

This is an appeal from a district court's order upholding the defendant's conviction for misdemeanor driving under the influence of alcohol. For the following reasons, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

On August 29, 1994, Erma D. Hanson was driving on State Highway 97 around Lake Coeur d'Alene when her car drifted into the oncoming lane of traffic. In order to avoid hitting another car approaching from the opposite direction, Hanson swerved and ran her car off the road into some bushes. The other car was also forced off of the road into a ditch. Immediately after the incident, the driver of the other car, Troy Moe, approached Hanson's car to determine whether she was injured. Moe found her uninjured

but suspected that she might be intoxicated, so he told her not to leave. Hanson remained in her vehicle. Approximately forty-five minutes later, Officer Marquez of the Idaho State Police arrived. He came upon the scene just in time to witness Hanson trying to back her car out of the bushes and onto an adjacent parking area. The officer stopped Hanson from making any further attempts at moving the car. Shortly thereafter, a second officer determined that Hanson had been drinking and was too inebriated to take field sobriety tests. He also discovered a Styrofoam cup, which he believed contained alcohol, and a bottle of vodka with a broken seal in the passenger compartment of the vehicle.

Hanson was charged by citation with driving under the influence of alcohol in violation of I.C. § 18-8004 (DUI), and with transportation of an open liquor container, I.C. § 23-505. She was found guilty of both charges by a jury. The open container conviction was later reversed by the district court on appeal. However, the DUI conviction was upheld. On further appeal before this Court, Hanson has challenged her conviction for DUI.

## ANALYSIS

### A. Sufficiency of the Evidence

■ Hanson first contends that there was insufficient evidence to sustain a conviction for the offense described in the charging instruction. The conduct for which Hanson was initially charged occurred on State Highway 97 near Lake Coeur d'Alene. The citation by which Hanson was charged and all of the evidence presented at trial referred to Highway 97 as the location of the offense. Nevertheless, the charging instructions presented to the jury stated that Hanson "did drive or was in actual physical control of a motor vehicle ... at or near State Highway 95...." Hanson asserts that since the prosecution did not prove that the DUI offense occurred on or near Highway 95, the evidence is not sufficient to sustain a conviction. We are of a contrary view.

■ Idaho Criminal Rule 52 provides that "[a]ny error, defect, irregularity or variance which does not affect substantial rights shall be disregarded." In this case, the typographical error in the jury instructions did not affect a substantial right and consequently, may be disregarded as harmless. The statute which Hanson was charged with violating, I.C. § 18-8004, states, in pertinent part: "It is unlawful for any person who is under the influence of alcohol ... to drive or be in actual physical control of a motor vehicle within this state, whether it be upon a *highway*, street or bridge, or upon public or private property open to the public." *Id.* (emphasis added). The name of the highway upon which Hanson drove is not an essential element of the crime and need not be proven by the prosecution. All that need be demonstrated by the prosecution with regard to this element is that the offense occurred upon a highway of this state. Hanson does not contend that the typographical error in the instruction misled or prejudiced her. Consequently, we conclude that the incorrect designation of the highway number on the jury instruction was harmless and that the evidence was sufficient to support the jury's verdict.

### B. Variance Between Citation and Jury Instruction

■ Next, Hanson claims that her constitutional right to due process of law was violated because the trial court gave a jury instruction which was at variance with the allegations contained in the citation. This variance, she argues, deprived her of a fair trial.

The officer who arrested Hanson charged her by use of the Idaho Uniform Citation Form. *See* Misdemeanor Criminal Rule 5. In filling out the form, the officer identified the subject offense as "driving while intoxicated (18-8004)." To describe the location he filled in blanks on the citation form as follows: "Hwy _97_, Mp. _83_, Kootenai County, Idaho." Hanson points out that the jury instructions stated that the alleged crime was committed *at or near* the highway, while the citation indicates that it was committed *on* the highway. Also, the jury instructions stated that Hanson was charged with driving *or being in actual physical control* of the car while un-

der the influence of alcohol and/or drugs, while the citation simply stated that she was *driving while intoxicated.* Hanson argues that the sum of these variations expanded the offense described in the instruction beyond that which was charged. She argues that the expanded charge allowed the jury to consider and find her guilty of DUI based on evidence that she was intoxicated while in actual physical control of a vehicle at a location off of the highway although she was not charged with that offense. According to Hanson, the State's evidence indicating that she was intoxicated at the time she was trying to back her car out of the bushes and into the parking area adjacent to the highway may have been understood by the jury to prove this alternative theory of DUI. Thus, Hanson contends that the jury instructions allowed the jury to find her guilty of a different offense than that with which she was charged. If the jury instruction had been tailored to the charged offense, Hanson asserts, she could have argued to the jury that she did not become intoxicated until she began drinking in her car after it left the highway. She also claims prejudice on the basis that, because she was not charged with committing an offense off the roadway, she did not believe it necessary to present evidence that this area was not on public property or on private property open to the public. *See* I.C. § 18–8004(1)(a) [1]

In response, the State submits that Hanson was prosecuted and convicted for driving on the highway while under the influence of alcohol. The State asserts that the testimony regarding Hanson's conduct after her car left the road was not introduced to prove some alternative theory of DUI, but instead to explain the circumstances surrounding Hanson's arrest and to demonstrate that she was intoxicated when she veered off the highway. The State maintains that neither this evidence nor the jury instruction changed the nature of the crime for which Hanson was prosecuted.

■■■ We begin by noting our standard of review. When reviewing a trial court's decision to give a particular jury instruction, an appellate court exercises free review. *State v. Gleason,* 123 Idaho 62, 844 P.2d 691 (1992); *State v. Colwell,* 124 Idaho 560, 861 P.2d 1225 (Ct.App.1993). The appellate court must determine whether the jury was properly and adequately instructed and ascertain whether the instructions, considered as a whole, fairly and adequately present the issues and state the applicable law. *Colwell, supra.* Reversible error exists only when an instruction misleads the jury or prejudices a party. *Manning v. Twin Falls Clinic & Hospital,* 122 Idaho 47, 830 P.2d 1185 (1992).

The question presented here is two-fold. First, is there a variance between the citation used to charge Hanson with DUI and the jury instructions presented to the jury; and second, if a variance exists, does its existence require a reversal of Hanson's conviction? For the purposes of this appeal, we will assume, *arguendo,* that the first question can be answered in the affirmative and will focus our attention on resolving the second query.

The United States Supreme Court has held that a charging instrument "is sufficient if it, first, contains the elements of the offense charged and fairly informs the defendant of the charges against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions." *Hamling v. United States,* 418 U.S. 87, 117, 94 S.Ct. 2887, 2907, 41 L.Ed.2d 590 (1974). In *State v. Windsor,* 110 Idaho 410, 417, 716 P.2d 1182, 1189 (1985), the Idaho Supreme Court employed the same standard in evaluating a variance between a jury instruction and the allegations of the information. The Court then further refined the applicable query as follows: "Thus, under the prevailing state standard, a variance is held to require reversal of the conviction only when it deprives the defendant of his right to fair notice or leaves him open to the risk of double jeopardy." *Id.* at 417–18, 716 P.2d at 1189–90.

---

1. I.C. § 18–8004(1)(a) provides in part:
   It is unlawful for any person who is under the influence of alcohol ... to drive or be in actual physical control of a motor vehicle within this state, whether upon a highway, street or bridge, or *upon public or private property open to the public.* (Emphasis added.)

In the present case, Hanson has not argued, and we have not found, any reason to be concerned that she might be subject to a second prosecution for the DUI. Consequently, we need not consider the double jeopardy prong of this standard. Instead, we will focus on whether Hanson was given fair notice of the charges pending against her. Addressing this element in *Windsor*, our Supreme Court said, "The notice element ... requires courts to determine whether the record suggests the possibility that the defendant was misled or embarrassed in the preparation or presentation of his defense." *Windsor*, 110 Idaho at 418, 716 P.2d at 1190. After a thorough examination of the record in this case, we can find no indication that Hanson was misled, prejudiced or embarrassed at trial by the asserted variance between the citation and the jury instructions given by the court. The record does not reflect that Hanson had, or presented before the jury, any theory or defense claiming that she was sober at the time she ran off the road and that she later became intoxicated while awaiting the arrival of the police. There is no basis in the evidence for Hanson's speculation that some jurors could have found her guilty of being in actual physical control of the car off the road while she was intoxicated but not guilty of driving on the highway in the same condition of intoxication. In fact, the evidence actually presented before the jury tended to establish that Hanson was intoxicated throughout the entire course of events. Besides describing her erratic driving, Troy Moe indicated that Hanson appeared to be intoxicated immediately after she ran off of the road. He also testified that he did not see Hanson drinking anything while she sat in her car following the accident. We consequently conclude, as did the district court, that Hanson was not prejudiced by the alleged variance between the citation and the jury instruction.

## CONCLUSION

We conclude that neither the mistake in identifying the applicable state highway in a jury instruction nor the alleged variance between a jury instruction and the charging instrument amounted to reversible error.

Therefore, the judgment of conviction is affirmed.

PERRY, J., and WALTERS, Acting J., concur.