114 P.3d 145

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Robert J. HANSELL, Defendant–Appellant.**

No. 30088.

Court of Appeals of Idaho.

March 23, 2005.

Review Denied June 20, 2005.

Molly J. Huskey, State Appellate Public Defender; Eric Don Fredericksen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

## SUBSTITUTE OPINION

### THE COURT'S PRIOR OPINION DATED DECEMBER 9, 2004 IS HEREBY WITHDRAWN

WALTERS, Judge Pro Tem.

Robert Joseph Hansell appeals from the judgment of conviction entered after a jury found him guilty of one count of domestic battery in the presence of a child, a felony, and of two counts of misdemeanor injury to a child. On appeal, Hansell questions the sufficiency of the evidence presented by the State to prove that Hansell was a member of Eastman's household at the time of the incident, arguing that the State did not prove a violation of the domestic battery law. He also contends that the trial court erred in its instructions to the jury with regard to the elements of the offense of domestic battery. We hold that the State presented sufficient evidence that Hansell and Eastman were members of the same household. We also conclude that the jury was not properly instructed but that such error was harmless.

### I.

### FACTUAL AND PROCEDURAL BACKGROUND

Robert Joseph Hansell struck his girlfriend, Darci Eastman, in the head several times with his fist, causing her to bleed profusely. Eastman's two daughters and another child were present at the time. As a result, Hansell was charged with one felony count of domestic battery in the presence of a child and three misdemeanor counts of injury to a child. One of the misdemeanor counts was eventually dismissed. The case proceeded to trial and a jury found Hansell guilty on the three remaining charges. On appeal, Hansell raises issues relating only to the felony charge.

### II.

### ANALYSIS

#### A. Household Member

Hansell contends that there was insufficient evidence to support his conviction, arguing that the State failed to prove one of the essential elements of domestic battery-that Hansell was a member of Eastman's household.

Appellate review of the sufficiency of the evidence is limited in scope. A judgment of conviction, entered upon a jury verdict, will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera–Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct.App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct.App.1991). We will not substitute our view for that of the jury as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct.App.1985). Moreover, we will consider the evidence in the light most favorable to the prosecution. *Herrera–Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

The domestic violence statute, I.C. § 18–918 (2003), generally prohibits assaults and batteries among "household members." It defines "household member" to include "a person with whom a person is cohabiting." I.C. § 18–918(1). Hansell argues that this Court should interpret "cohabitation" to mean "a mutual assumption of those marital rights, duties and obligations which are usually manifested by married people." *See* BLACK'S LAW DICTIONARY 260 (6th ed.1990). Thus, according to Hansell, in order to prove cohabiting, the State must present evidence that the parties were not only living together, but also sharing financial and general obligations within the household. In response, the State argues that the term "cohabit" should be given its ordinary meaning in the context of a domestic battery–persons who are living together. We agree with the State's position.

This Court exercises free review over issues of statutory interpretation. *State v. Broadway*, 138 Idaho 151, 152, 59 P.3d 322, 323 (Ct.App.2002); *State v. Spor*, 134 Idaho

315, 320, 1 P.3d 816, 821 (Ct.App.2000). When faced with the interpretation of a statute, we must begin with an examination of the statute's literal words. *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Olson*, 138 Idaho 438, 440, 64 P.3d 967, 969 (Ct.App.2003). If the language of a statute is clear and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *Broadway*, 138 Idaho at 152, 59 P.3d at 323; *State v. Beard*, 135 Idaho 641, 646, 22 P.3d 116, 121 (Ct.App.2001). In so doing, the language of the statute is to be given its plain, obvious, and rational meaning. *Broadway*, 138 Idaho at 152, 59 P.3d at 323; *State v. Scott*, 135 Idaho 457, 458–59, 19 P.3d 771, 772–73 (Ct.App.2001). The term "cohabit" has been defined as (1) "to live together as or as if as husband and wife" and (2) "to live together or in company." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY, UNABRIDGED 440 (2002). There is no indication that the legislature intended to narrow the breadth of this statute by only applying it to those in husband/wife or boyfriend/girlfriend relationships. These commonly understood definitions would thus encompass not only couples living together, as if as husband and wife, but also people living in the same house, regardless of their relationship.

In the instant case, evidence presented at trial showed that Hansell and Eastman had been living together, albeit off and on, for several months. Eastman's neighbor testified that Eastman and Hansell were living together. Eastman's daughter testified that Hansell had been living with her and her mom during the month that the battery had occurred. Further testimony by Eastman showed that she and Hansell were boyfriend/girlfriend and that they had been living in the same house off and on. She also testified that he had been back in the house for three or four days prior to the incident. There was also evidence, through the testimony of a police officer who interviewed Hansell, that Hansell stated he had been living with Eastman and that they had a boyfriend/girlfriend relationship. The officer testified that when he asked Hansell if he and Eastman were cohabiting, Hansell acknowledged with an affirmative nod of his head and also stated that the residence was his.

This evidence from the record is sufficient to prove that, using the plain and ordinary meaning of the word cohabit, Hansell and Eastman were cohabiting at the time Hansell allegedly battered Eastman. Cohabiting, used in the context of a domestic battery statute, does not require a sharing of financial obligations, as urged by Hansell, but rather requires only that the parties were living together–and thus members of the same household. Because the State provided sufficient evidence that Eastman and Hansell were cohabiting, there was sufficient evidence for the jury to find that Hansell was a household member as required by I.C. § 18–918. Therefore, Hansell has not shown that he is entitled to a judgment of acquittal for insufficiency of the evidence.

## B. Jury Instruction

Hansell also contends that the trial court erred in instructing the jury on the elements which have to be proven by the State in order to establish guilt of felony domestic battery. The question whether the jury was properly instructed is one of law over which this Court exercises free review. *State v. Bush*, 131 Idaho 22, 32, 951 P.2d 1249, 1259 (1997); *State v. Cherry*, 139 Idaho 579, 585, 83 P.3d 123, 129 (Ct.App.2003). On appeal, jury instructions are viewed as a whole, not individually, to determine whether the jury was properly and adequately instructed on the applicable law. *State v. Rozajewski*, 130 Idaho 644, 646, 945 P.2d 1390, 1392 (Ct.App.1997). A jury must be instructed on all matters of law necessary for its information. *State v. Gain*, 140 Idaho 170, 172, 90 P.3d 920, 922 (Ct.App.2004); *State v. Halbesleben*, 139 Idaho 165, 168–69, 75 P.3d 219, 222–23 (Ct.App.2003). This requires that the jury be instructed with respect to all elements of the charged offense. *Id.* Any omission of an element of a crime lightens the prosecution's burden of proof and is therefore impermissible. *State v. Broadhead*, 139 Idaho 663, 666, 84 P.3d 599, 602 (Ct.App.2004); *Halbesleben*, 139 Idaho at 169, 75 P.3d at 223. To be reversible error, an instruction must mislead the jury or prej-

udice the defendant. *State v. Hanson*, 130 Idaho 842, 844, 949 P.2d 590, 592 (Ct.App. 1997).

Hansell was convicted of felony domestic battery under I.C. § 18–918(3) (2003) [1] which provided that "[a]ny household member who commits a battery, as defined in section 18–903, Idaho Code, and willfully and unlawfully inflicts a traumatic injury upon any other household member is guilty of a felony." Prior to deliberations, the trial court instructed the jury as follows with regard to the elements of domestic battery:

In order for the defendant to be guilty of Domestic Battery in Count I, the State must prove each of the following:

(1) On or about the 25th day of February, 2003,

(2) in the State of Idaho

(3) the defendant Robert Joseph Hansell, willfully and unlawfully,

(4) used force or violence upon the person of Darci A. Eastman,

(5) while she was a household member.

If each of the above has been proven beyond a reasonable doubt, you must find the defendant guilty. If any of the above has not been proven beyond a reasonable doubt, then you must find the defendant not guilty.

On appeal, Hansell argues that the trial court committed reversible error because this instruction omitted an essential element required for proving felony domestic battery-that in committing the battery upon a household member, he "willfully and unlawfully inflicted a traumatic injury" upon the alleged victim. Hansell concedes that the trial court did administer a special verdict form which required that the jury determine if Hansell inflicted a traumatic injury on Eastman. He contends, however, that this does not cure the error in the instructions because the form did not require the jury to find that the infliction of the traumatic injury was done willfully. In response, the State contends that I.C. § 18–918(3) requires the State to prove only that Hansell willfully used force or violence upon Eastman and that such will-

ful use of force or violence resulted in a traumatic injury. We do not agree.

■ The clear language of the domestic battery statute requires proof of both a battery, which requires a showing of willful use of force or violence, *and* the willful infliction of a traumatic injury. This position is supported by recent case law. In *State v. Reyes*, 139 Idaho 502, 506, 80 P.3d 1103, 1107 (Ct. App.2003), this Court held that I.C. § 18–918(3) required as elements of the offense, the commission of a battery, as defined in I.C. § 18–903, *and* required that the person willfully inflict a traumatic injury. *See also State v. Sohm*, 140 Idaho 458, 95 P.3d 76 (Ct.App.2004) (review denied) (the State was required to prove not only that the defendant committed a battery but also that he *willfully* inflicted a traumatic injury upon another household member). The felony domestic battery statute clearly requires the State to prove not only that a defendant committed a battery, but that the defendant also willfully inflicted a traumatic injury. In the instant case, the jury was not instructed that in order to find Hansell guilty, they must find that he willfully inflicted a traumatic injury upon Darci. The omission of this element was error by the district court.

■ However, the determination of error in the jury instructions does not end our inquiry because the State argues that even if omission of the element was in error, such error was harmless. A harmless error analysis may be applied when a court omits an essential element from the instructions to the jury. *Neder v. United States*, 527 U.S. 1, 15, 119 S.Ct. 1827, 1836, 144 L.Ed.2d 35, 51 (1999); *State v. Lovelace*, 140 Idaho 73, 79, 90 P.3d 298, 304 (2004). When a jury is not instructed as to an element of an offense, the standard for determining harmlessness is "whether the record contains evidence that could rationally lead to a contrary finding with respect to the omitted element." *Neder*, 527 U.S. at 19, 119 S.Ct. at 1839, 144 L.Ed.2d at 53. If, after examining the record, the reviewing court "cannot conclude beyond a reasonable doubt that the jury verdict would have been the same absent the

---

1. This statute was amended in 2004 and has  been renumbered as I.C. § 18–918(2)(a).

error ... it should not find the error harmless." *Id.*

In the instant case, Hansell argued at trial that he did not willfully injure Darci because he was acting in self-defense. The jury clearly rejected Hansell's self-defense claim, however, by finding him guilty. Absent the self-defense claim, the record does not contain any evidence presented by Hansell to counter evidence that he willfully inflicted Darci's injuries. On the other hand, the State presented ample evidence of the seriousness of the injuries suffered by Darci at the hands of Hansell. The State presented evidence from police officers, who testified that they found Darci unclothed and washing the blood from her face in the bathroom tub, while they found Hansell with blood on his hands up to his wrists and no noticeable injuries. The evidence also showed that Darci had visible injuries, including red marks around her throat and shoulder, a bloody nose, several scratches from which she was bleeding, an eye swelling up, and a hematoma. Testimony also showed that the police found blood and clumps of hair at several different spots inside the trailer. Given the nature of Darci's injuries, a rational jury that had rejected any self-defense claim could only find such injuries were intended by Hansell. The extent of the injuries wholly supports the State's assertion that the injuries were willfully inflicted. In light of the evidence presented by the State at trial, we cannot conclude that there is evidence in the record that could rationally lead to a finding in favor of Hansell with respect to the omitted element of willful infliction of a traumatic injury. Accordingly, we find beyond a reasonable doubt that the jury verdict would have been the same even if the element of intent had not been omitted from the jury instructions and therefore conclude that the error was harmless.

### III.

### CONCLUSION

We conclude there was sufficient evidence presented by the State to support the jury's finding that Hansell and Eastman were cohabiting at the time of the alleged incident.

Furthermore, while the trial court erred in its instructions to the jury by omitting an essential element of the crime of felony domestic battery, such error was harmless. Accordingly, the judgment of conviction entered by the district court is affirmed.

Judge LANSING and Judge GUTIERREZ concur.

