122 P.3d 1170

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Joseph LILLY, Defendant–Appellant.**

**No. 30681.**

Court of Appeals of Idaho.

Oct. 25, 2005.

Molly J. Huskey, State Appellate Public Defender; Eric D. Fredericksen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Ralph R. Blount, Deputy Attorney General, Boise, for respondent.

GUTIERREZ, Judge.

Joseph Lilly appeals from the judgment of conviction entered after a jury found him guilty of felony domestic violence committed in the presence of a child and misdemeanor false imprisonment. In this appeal, Lilly challenges only the domestic violence conviction. He contends that the district court erred by submitting a jury instruction on the general statutory definition of "willfully" and that the instruction was apt to confuse or mislead the jury as to the state's burden to prove Lilly's intent to inflict traumatic injury. We vacate and remand.

## I.

## FACTUAL AND PROCEDURAL SUMMARY

Lilly was charged with second degree kidnapping, Idaho Code §§ 18–4501(1), 18–4503 and felony domestic violence by battery, I.C. § 18–918(3), with an enhancement for having committed the offense in the presence of a child, I.C. § 18–918(7)(b). The charges stemmed from Lilly's altercations with his ex-wife.

Following a jury trial, Lilly was found guilty of the domestic violence charge and the enhancement. Lilly was acquitted on the kidnapping charge, but was found guilty of the lesser included offense of false imprisonment, I.C. § 18–2901. Lilly filed a timely notice of appeal.

## II.

## ANALYSIS

■ Lilly argues that the district court erred in instructing the jury on the willful infliction of a traumatic injury element with respect to the domestic violence charge. Whether the jury instructions, when consid-

ered as a whole, fairly and adequately present the issues and state the applicable law is a question of law over which we exercise free review. *State v. Young,* 138 Idaho 370, 372, 64 P.3d 296, 298 (2002).

The applicable version of I.C. § 18–918(3) [1] provided:

Any household member who commits a battery, as defined in section 18–903, Idaho Code, and willfully and unlawfully inflicts a traumatic injury upon any other household member is guilty of a felony.

The district court instructed the jury on the elements of the domestic violence offense, in relevant part, as follows:

In order for the defendant to be guilty of Domestic Battery with Traumatic Injury as charged in Count Two of the Information, the state must prove each of the following:

1. On or about July 11, 2003;

2. in the state of Idaho;

3. the defendant, Joseph Britton Lilly, did commit a battery;

4. and *willfully and unlawfully inflict a traumatic injury* upon [the victim],

5. where the defendant and [the victim] were adult household members.

(Emphasis added). However, the district court also instructed the jury [2] on the general statutory definition of willfully, drawn from I.C. § 18–101(1), to wit:

An act is 'wilful' or 'done wilfully' when done on purpose. *One can act wilfully without intending* to violate the law, *to injure another,* or to acquire any advantage.

(Emphasis added). Lilly contends that the district court erred by submitting this instruction to the jury in that the instruction

---

1. The acts in question occurred on July 11, 2003, therefore the 2003 version of I.C. § 18–918 provides the substantive law applicable to this case. 2003 IDAHO SESS. LAWS ch. 237, § 1, pp. 607–09. We note that the Idaho legislature subsequently amended and reorganized the statute in 2004. 2004 IDAHO SESS. LAWS ch. 118, § 1, pp. 392–95. In 2005, the legislature again amended the statute, deleting the words willfully and unlawfully from the substantive subsection at issue in this appeal. 2005 IDAHO SESS. LAWS ch. 158, § 1, pp. 488–90. As currently in effect, I.C. § 18–918(2)(a) provides:

Any household member who in committing a battery, as defined in section 18–903, Idaho Code, inflicts a traumatic injury upon any other household member is guilty of a felony.

2. Lilly's trial counsel did not object to this instruction. Prior to the 2004 amendment to Idaho Criminal Rule 30(b), effective on July 1, 2004, "a failure to object to a jury instruction at trial does not constitute a waiver of any objection on appeal." *State v. Keaveny,* 136 Idaho 31, 33, 28 P.3d 372, 374 (2001). The instant case was tried in December of 2003.

was apt to confuse or mislead the jury as to the state's burden to prove Lilly's intent to inflict traumatic injury.

In *State v. Sohm,* 140 Idaho 458, 95 P.3d 76 (Ct.App.2004), we decided this exact issue. This Court held:

> In order for Sohm to be found guilty of domestic battery, the state was required to prove not only that he committed a battery but also that he *willfully* inflicted a traumatic injury upon another household member. I.C. § 18–918(3). In *State v. Reyes,* 139 Idaho 502, 80 P.3d 1103 (Ct.App.2003), we held that to establish a violation of I.C. § 18–918(3), the state must prove that the defendant willfully inflicted injury, though it need not be shown that the defendant intended the precise injury that the victim sustained. In light of the plain meaning of "a willful infliction of a traumatic injury," we are compelled to agree with Sohm that it was error for the district court to deliver Jury Instruction 10, which defined "willful" as a state of mind not necessarily requiring an intent to injure another. Under I.C. § 18–101(1), the term "willfully" is to be applied as that statute defines "unless otherwise apparent from the context." It is apparent from the context of I.C. § 18–918(3) that the section 18–101(1) definition of "willfully" does not apply. Instruction 4 correctly told the jury that the state must prove that Sohm willfully and unlawfully inflicted a traumatic injury while Jury Instruction 10 incorrectly told the jury, pursuant to I.C. § 18–101(1), that Sohm would be guilty even if he had not intended to injure Hegg. The incompatibility of this instruction with the domestic violence statute is clear.

*Id.* at 460, 95 P.3d at 78.

Here, the state argues that the district court did not err in instructing the jury because it was required to provide the jury with the I.C. § 18–101(1) definition of willfully in order to properly instruct on the underlying battery to the domestic violence charge and on the kidnapping charge. Assuming, without deciding, that a trial court must provide the statutory definition of willfully in all cases where the term is employed in the substantive crime, it makes no difference with regard to the instant inquiry, for the district court gave no further instruction ex-cluding the jury's use of the definition with regard to its determination of Lilly's intent to inflict traumatic injury. Therefore, the state's position is unpersuasive. The district court erred by giving the challenged instruction without explaining that it was inapplicable to the fourth element of the domestic battery instruction.

▪ The state argues if it was error to give the instruction, such error was harmless. Idaho Criminal Rule 52 provides that "[a]ny error, defect, irregularity or variance which does not affect substantial rights shall be disregarded." "To be reversible error, instructions must have misled the jury or prejudiced the complaining party." *State v. Young,* 138 Idaho 370, 372, 64 P.3d 296, 298 (2002). A harmless error analysis may be applied in cases involving improper instructions on a single element of the offense or even when a court omits an essential element from the instructions to the jury. *Neder v. United States,* 527 U.S. 1, 9–15, 119 S.Ct. 1827, 1833–37, 144 L.Ed.2d 35, 46–51 (1999); *State v. Lovelace,* 140 Idaho 73, 79, 90 P.3d 298, 304 (2004). If, after examining the record, the reviewing court "cannot conclude beyond a reasonable doubt that the jury verdict would have been the same absent the error . . . it should not find the error harmless." *Neder,* 527 U.S. at 19, 119 S.Ct. at 1839, 144 L.Ed.2d at 53. Relevant considerations include whether the element was contested at trial and whether the evidence on the element was overwhelming. *Neder,* 527 U.S. at 16–19, 119 S.Ct. at 1838–39, 144 L.Ed.2d at 51–53. The government bears the burden of showing that the error had no effect on a defendant's substantial rights. *Lovelace,* 140 Idaho at 79, 90 P.3d at 304, citing *United States v. Vonn,* 535 U.S. 55, 62, 122 S.Ct. 1043, 1048, 152 L.Ed.2d 90, 101–02 (2002).

A short discussion of similar Idaho cases finding harmless error, as contrasted to those finding reversible error, is warranted. In *State v. Hansell,* 141 Idaho 587, 591–92 114 P.3d 145, 149–50 (Ct.App.2005), a case involving a felony domestic battery similar to that of the instant case, this Court held that the district court erred by omitting the element "willfully and unlawfully inflicted a

traumatic injury" from the elements instruction given to the jury. *Id.* at 591, 114 P.3d at 149. This Court concluded, however, that the error was harmless because the defendant claimed self-defense and thus, did not contend that he did not strike the blows and because the extent of the injuries suffered was overwhelming, wholly supporting the state's assertion that the injuries were willfully inflicted, i.e. intended by the defendant. *Id.* at 592, 114 P.3d at 150. Similarly, in *State v. Peteja*, 139 Idaho 607, 83 P.3d 781 (Ct.App.2003), the district court erred by omitting essential elements from the elements jury instruction in a destruction of evidence case. *Id.* at 609–12, 83 P.3d at 783–86. This Court found the error harmless because the evidence pertaining to the omitted elements was largely uncontroverted and so "clear and convincing," i.e. overwhelming, that the error could not have affected the verdict. *Id.* at 614, 83 P.3d at 788.

Conversely, in *State v. Young*, 138 Idaho 370, 64 P.3d 296 (2002), the Idaho Supreme Court addressed the use of the I.C. § 18–101(1) general definition of "willfully" in the context of the charge of felony injury to a child, I.C. § 18–1501(1). The *Young* Court reached the same conclusion as that reached by this Court in *Sohm;* that the district court erred in giving the general definition of willfully because it directly conflicted with the use of the term in the substantive statute.[3] *Young*, at 373, 64 P.3d at 299. The *Young* Court stated the standard of review as follows: "To be reversible error, instructions must have misled the jury or prejudiced the complaining party." *Id.* at 372, 64 P.3d at 298. The Court emphatically held that the error was not harmless because, "[a]t best, [the erroneous instruction] is confusing. At worst, it misstates the law. . . ." *Id.* at 373, 64 P.3d at 299. In other words, the erroneous instruction misled the jury on an element of the offense.[4]

In *Sohm*, the evidence adduced at trial included the defendant's assertion that his blow to the face of the victim was unintentionally delivered and in contrast, multiple injuries were suffered by the victim. *Sohm,*

140 Idaho 458, 95 P.3d 76. This Court followed *Young's* lead in finding reversible error, stating that the instruction was confusing and misleading, and further holding that, "[t]here can be no doubt that this error was prejudicial because it diminished the state's burden of proof on the mental element of the offense." *Id.* at 461, 95 P.3d at 79. Finally, in *State v. Halbesleben*, 139 Idaho 165, 75 P.3d 219 (Ct.App.2003), this Court found district court error in instructing the jury on the general definition of "willfully" in a felony injury to a child case. Citing *Young*, this Court found reversible error, noting that the defendants presented evidence that they believed, in good faith, that the diet they were feeding their child was nutritionally adequate and an appropriate means of discipline. *Id.* at 170, 75 P.3d 219 75 P.3d at 224.

 In summary of the foregoing, whether an error in instructing the jury on the elements of the offense is reversible or harmless error necessarily turns on the facts and circumstances of each particular case. Where the lack of the element is a basis of the defense, reversible error is more likely to be found. Conversely, where "the element was uncontested and supported by overwhelming evidence, such that the jury verdict would have been the same absent the error, the erroneous instruction is properly found to be harmless." *Lovelace*, 140 Idaho at 79, 90 P.3d at 304, citing *Neder*, 527 U.S. at 17, 119 S.Ct. at 1837–38, 144 L.Ed.2d at 52.

Here, the state argues that Lilly's defense was that he did not strike a blow, not that he did not intend to inflict injury, therefore he suffered no prejudice from the erroneous instruction. We cannot agree that Lilly did not contest the intent element. He testified that he did not hit the victim on the face hard enough to cause her face to bleed. Moreover, we are unwilling to hold, as a matter of law, that a defendant must take the stand and admit to striking a blow but deny intent to cause injury before an element of intent to cause injury can be deemed to be contested.

We are also unconvinced that the evidence was so overwhelming regarding Lilly's intent

---

3. We note that, effective July 1, 2005, I.C. 18–1501 now provides a statutory definition of "willfully" exclusive to that section. *See* I.C. § 18–1501(5).

4. The Idaho Supreme Court subsequently clarified its holding in *Young*. *See State v. Tiffany*, 139 Idaho 909, 916–17, 88 P.3d 728, 735–36 (2004).

to injure the victim that the instructional error could not have contributed to the verdict. There may be a case where, even if intent is contested, "the predicate facts conclusively establish intent, so that no rational jury could find that the defendant committed the relevant criminal act but did not *intend* to cause injury." *Rose v. Clark,* 478 U.S. 570, 580–81, 106 S.Ct. 3101, 3107–08, 92 L.Ed.2d 460, 471–72 (1986), citing *Lamb v. Jernigan,* 683 F.2d 1332, 1342–43 (11th Cir. 1982). This is not such a case. While the state focuses much attention on Lilly's acts of pushing, grabbing and shaking the victim, it was uncontroverted that the only visible injury suffered by the victim was a minor bloody nose, treated successfully with toilet paper. The victim testified that she suffered this injury from Lilly's act of pushing her face back with his hand. The victim's nose did not swell and she had no marks on her person. The victim further testified that once Lilly saw that her nose was bleeding, he was surprised and backed off. Under this state of facts, we cannot say that the extent of the victim's injuries was so overwhelming that no rational jury could conclude that Lilly did not willfully injure the victim. We are also mindful that the jury did not entirely accept the state's evidence presented at trial, for it acquitted Lilly on the kidnapping charge.

For the foregoing reasons, the district court's error in instructing the jury cannot be deemed harmless.

## III.

### CONCLUSION

Because the jury instruction did not adequately state the applicable law and was not harmless error, we vacate the defendant's judgment of conviction for felony domestic violence committed in the presence of a child and remand for further proceedings.

Chief Judge PERRY and Judge LANSING concur.