**F I L E D**

**UNITED STATES COURT OF APPEALS**

**March 14, 2007**

**TENTH CIRCUIT**

**Elisabeth A. Shumaker**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

    No. 05-4261
    (D. Utah)

CRAIG C. GARRETT,

    (D.Ct. No. 1:04-CV-92-TC)

    Defendant - Appellant.

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**
**AND DISMISSING APPEAL**

---

Before **HENRY**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Craig C. Garrett, a federal prisoner represented by counsel, filed a 28 U.S.C. § 2255 motion to vacate, set aside or correct his sentence. The district court dismissed the motion. Garrett then filed a notice of appeal, but the district

court did not issue a Certificate of Appealability (COA).[1]  Here, Garrett requested

a COA in his opening brief.  *See* 28 U.S.C. § 2253(c)(1)(B); FED. R. APP. P.

22(b)(1).

*Background*

On April 3, 2003, Garrett pled guilty pursuant to a plea agreement to

possession of a firearm after a conviction of a misdemeanor crime of domestic

violence under 18 U.S.C. § 922(g)(9).  On June 20, 2003, he was sentenced to 51

months in custody.  Garrett did not file a direct appeal.

Garrett filed a § 2255 motion on June 21, 2004, claiming ineffective

assistance of counsel based on his counsel's failure to argue he was not convicted

of a crime of domestic violence.  The district court denied the motion on

September 12, 2005, concluding Garrett was previously convicted of the crime of

domestic violence in violation of Idaho Code Ann. § 18-918 (2003).  The district

court noted the title of Idaho Code Ann. § 18-918 (2003) was "domestic violence"

and the Idaho Supreme Court has explained, "[t]he domestic violence statute, I.C.

§ 18-918 (2003), generally prohibits assaults and batteries among 'household

members.'"  *See State v. Hansell*, 114 P.3d 145, 147 (Idaho 2005).  Two days

---

[1]  "If an applicant files a notice of appeal, the district judge who rendered the
judgment must either issue a certificate of appealability or state why a certificate should
not issue." FED. R. APP. P. 22(b)(1).  The district court did not act on Garrett's
constructive request for a COA.  A COA is deemed denied if the district court does not
address the issuance of a COA within thirty days.  10th Cir. R. 22.1(C).

later, the Sixth Judicial District of Idaho amended Garrett's conviction to correct a typographical error and reflect the fact he was convicted of a simple assault misdemeanor under Idaho Code Ann. § 18-901 (2003) rather than domestic violence under Idaho Code Ann. § 18-918 (2003). Based on this clarification, Garrett filed a motion for reconsideration on September 16, 2005, attaching the amended conviction and an affidavit from the prosecuting attorney in his state case stating that Garrett was convicted of simple assault under Idaho Code Ann. § 18-901 (2003) and not § 18-918. Despite his amended conviction, the district court denied the motion on September 19, 2005. On September 27, 2005, Garrett filed a notice of appeal with the district court and a motion for clarification. On November 4, 2005, the district court responded to Garrett's motion for clarification and outlined the same reasons stated in its September 12, 2005 decision. On July 5, 2006, Garrett filed his second corrected opening brief and an application for COA in this Court pursuant to 28 U.S.C. § 2253(c)(1)(B) and Rule 22(b) of the Federal Rules of Appellate Procedure.

*Certificate of Appealability*

A COA is a jurisdictional pre-requisite to our review. *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). We will issue a COA only if Garrett makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, he must establish that "reasonable jurists could debate whether . . . the petition should have been resolved [by the district

-3-

court] in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (quotations omitted).

We review the district court's factual findings for clear error and its legal conclusions *de novo*. *English v. Cody,* 241 F.3d 1279, 1282 (10th Cir. 2001). The district court correctly found Garrett's conviction qualified as a crime of domestic violence under 18 U.S.C. § 922(g)(9). While it is unclear whether the district court considered Garrett's amended conviction, even the amended conviction meets the definition of misdemeanor crime of domestic violence. The definition of "misdemeanor crime of domestic violence" contained in 18 U.S.C. § 921(a)(33)(A) does not require the underlying misdemeanor offense to have, as an element of the crime, a domestic relationship. *See United States v. Heckenliable*, 446 F.3d 1048, 1050 (10th Cir. 2006), *cert. denied*, 127 S.Ct. 287 (2006). Information presented to the district court by Garrett shows a domestic relationship was involved in the underlying offense, even though the state assault statute did not include a domestic relationship element. (Pet'r Mem. in Supp. of Mot. to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255, Ex. 4[2]).

_____

[2] This exhibit is not a part of the record on appeal. Because the facts of the underlying offense in our record are scant, we take judicial notice. "The court is [also] permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record." *Van Woudenberg v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001).

The district court's denial of Garrett's § 2255 motion is not reasonably debatable. *Slack,* 529 U.S. at 484. Garrett has failed to make a sufficient showing that he is entitled to a COA. Accordingly, we DENY COA and DISMISS his application.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge