**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 37580**

| | | |
|---|---|---|
| **ROJELIO ALVAREZ,** | ) | **2011 Unpublished Opinion No. 721** |
| | ) | |
| Petitioner-Appellant, | ) | **Filed: November 22, 2011** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Respondent. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Robert C. Naftz, District Judge.

Judgment dismissing action for post-conviction relief, <u>affirmed</u>.

Rojelio Alvarez, Mountain Home, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Rebekah A. Cudé, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

Rojelio Alvarez appeals from the district court's summary dismissal of his successive petition for post-conviction relief. He asserts that he has discovered new evidence of an error in the jury instructions. We affirm.

**I.**

**BACKGROUND**

In *Alvarez v. State*, Docket No. 34688 (Ct. App. May 21, 2009) (unpublished), we summarized the underlying criminal proceedings leading to Alvarez's conviction and first petition for post-conviction relief as follows:

> Alvarez engaged in a physical altercation with his live-in girlfriend in early 2000 and was arrested as a result. He was ultimately found guilty of felony domestic battery in the presence of a child, Idaho Code § 18-918. Alvarez's attorney filed a motion for a new trial, and Alvarez followed up with a handwritten motion of his own. The district court held a hearing on the motion during which both Alvarez and his attorney addressed the court, but the court

1

ultimately denied the motion . . . . This Court affirmed the district court on direct appeal. *See State v. Alvarez*, 138 Idaho 747, 69 P.3d 167 (Ct. App. 2003).

Alvarez later filed a petition for post-conviction relief [containing twelve claims of ineffective assistance of counsel and six other claims], which was summarily dismissed. Alvarez appealed the summary dismissal, and this Court affirmed in part, reversed in part, and remanded for additional proceedings. *See Alvarez v. State*, Docket No. 31338 (Ct. App. Sept. 19, 2006) (unpublished). Upon remand, Alvarez submitted an amended petition for post-conviction relief adding two new claims . . . . The district court ultimately dismissed the amended petition.

(footnotes omitted). Alvarez appealed again, and raised a single new issue which we described as follows:

Alvarez argues that a specific jury instruction used in his trial, Jury Instruction 10, was confusing and misleading and did not adequately state the applicable law. His argument is based on the assertion that the jury instruction's use of the words "willfully" and "unlawfully" was confusing to the jury and diminished the State's burden of proof on the mental element of the offense. Alvarez states that this Court reached such a conclusion under similar circumstances in *State v. Sohm*, 140 Idaho 458, 460-61, 95 P.3d 76, 78-79 (Ct. App. 2004), and *State v. Lilly*, 142 Idaho 70, 71-72[,] 122 P.3d 1170, 1171-72 (Ct. App. 2005), where we considered jury instructions stemming from a similar version of I.C. § 18-918(3), specifically considering the instructions' use of the words "willfully" and "unlawfully" and the resulting impact on the State's burden of proof. Alvarez appears to assert that his current "willfully and unlawfully" argument should have been the basis for a new trial and that his defense counsel was ineffective for not pursuing that basis through argument on the motion for a new trial, through appeal of the denied motion, or through some other appropriate action.

*Id.* (footnotes omitted). We affirmed the district court's summary dismissal of Alvarez's amended petition for post-conviction relief without addressing the merits of the argument concerning the alleged error in the jury instruction because the argument was raised for the first time on appeal.

Two months later, Alvarez filed a second petition for post-conviction relief in which he again argued that the decisions in *State v. Sohm*, 140 Idaho 458, 95 P.3d 76 (Ct. App. 2004), and *State v. Lilly*, 142 Idaho 70, 122 P.3d 1170 (Ct. App. 2005), as well as various senate bills and statutory amendments, constituted "newly discovered evidence" demonstrating that the instructions given to the jury did not adequately state the applicable law. The district court provided notice of its intent to dismiss on the grounds that Alvarez should have been able to

2

submit any new found evidence at an earlier date, and "should have known the jury instructions which were given at the jury trial." The district court ultimately dismissed the petition. Alvarez now appeals.

## II.

## ANALYSIS

A petition for post-conviction relief is civil in nature. *Charboneau v. State*, 144 Idaho 900, 903, 174 P.3d 870, 873 (2007). The petitioner must prove the claims upon which the petition is based by a preponderance of the evidence. *Id.* Idaho Code § 19-4906 authorizes summary dismissal of an application for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative. Summary dismissal of a post-conviction action is the procedural equivalent of summary judgment under I.R.C.P. 56. Summary dismissal of a petition for post-conviction relief is appropriate if the applicant's evidence raises no genuine issue of material fact and does not demonstrate a right to relief. I.C. § 19-4906(b), (c); *Charboneau*, 144 Idaho at 903, 174 P.3d at 873. "[W]hen reviewing a district court's order of summary dismissal in a post-conviction relief proceeding, we apply the same standard as that applied by the district court." *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010). On review of dismissal of a post-conviction relief application without an evidentiary hearing, we determine whether a genuine issue of material fact exists based on the pleadings, depositions, and admissions together with any affidavits on file. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Ricca v. State*, 124 Idaho 894, 896, 865 P.2d 985, 987 (Ct. App. 1993). However, "while the underlying facts must be regarded as true, the petitioner's conclusions need not be so accepted." *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069 (quoting *Phillips v. State*, 108 Idaho 405, 407, 700 P.2d 27, 29 (1985)). *See also Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008).

All claims for post-conviction relief must be raised in an original, supplemental, or amended application. I.C. § 19-4908. The application must be filed within one year from the expiration of the time for appeal or from the determination of an appeal or from the determination of a proceeding following an appeal, whichever is later. I.C. § 19-4902. Successive petitions are impermissible "unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended application." I.C. § 19-4908.

3

Alvarez supported his second petition with an affidavit in which he states that he has discovered new evidence. New evidence may provide sufficient reason for a subsequent petition when it unearths "claims which simply [were] not known to the defendant within the [one-year] time limit, yet raise important due process issues." *Charboneau*, 144 Idaho at 904, 174 P.3d at 874. *See also Stuart v. State*, 118 Idaho 932, 934, 801 P.2d 1283, 1285 (1990). However, Alvarez did not provide any new evidence to the court. What Alvarez characterizes as "newly discovered evidence" is actually a collection of various court decisions, including *Lilly* and *Sohm*, senate bills, and statutory amendments that Alvarez "discovered" in September 2008.[1] The discovery of legal arguments, as opposed to the discovery of new facts, does not extend the one-year time limit to file a post-conviction petition under Idaho Code § 19-4902. *Compare Judd v. State*, 148 Idaho 22, 26, 218 P.3d 1, 5 (Ct. App. 2009) (no extension of time to file a post-conviction petition when petition was based on new legal theory rooted in facts known for many years), *and Chapman v. State*, 128 Idaho 733, 735, 918 P.2d 602, 604 (Ct. App. 1996) (no extension of time to file a post-conviction petition based on petitioner's "discovery" of a case and the legal theories therein), *with Stuart*, 118 Idaho at 934, 801 P.2d at 1285 (discovery that attorney-client interviews had been secretly taped provided grounds for post-conviction petition eight years after conviction), *and Charboneau*, 144 Idaho at 905, 174 P.3d at 875 (holding "there should be a reasonable time within which [claims based on newly discovered evidence] are asserted in a successive post-conviction petition, once those claims are known"). Similarly, merely becoming aware of legal arguments that were not raised at trial, at sentencing, or on direct appeal, but perhaps could have been, is not sufficient reason for a successive petition under Idaho Code § 19-4908. *See Stuart*, 118 Idaho at 933-34, 801 P.2d at 1284-85 (Absent a showing of a sufficient reason for failure to raise a claim in an initial petition, "[a]ny grounds for relief not raised are permanently waived if the grounds were known or should have been known at the time of the first petition."); *Hooper v. State*, 127 Idaho 945, 947, 908 P.2d 1252, 1254 (Ct. App. 1995) (same). Alvarez cites several cases including *State v. Keaveny*, 136 Idaho 31, 33, 28 P.3d 372, 374 (2001), for the proposition that the "failure to object to a jury instruction at trial does not constitute a waiver of any objection on appeal." Because these cases stand for the proposition that the failure to object to a jury instruction at trial does not constitute a waiver of

---

[1]    The decisions in both *Lilly* and *Sohm* were released before briefing was completed for the appeal on Alvarez's first petition for post-conviction relief.

any objection on *direct* appeal from a judgment of conviction, and not an appeal from the dismissal of a post-conviction petition, they are inapplicable to the present case. Idaho Code § 19-4901(b) clearly provides that any issue that could have been raised on direct appeal is forfeited and may not be considered in post-conviction.

We conclude that no material issues of fact were presented by Alvarez's petition. We also conclude that Alvarez knew, or should have known, of the language in the jury instructions when he filed his first petition; and the discovery of new legal arguments based on the language in the jury instructions does not provide sufficient reason to file a successive petition. Thus, Alvarez's claim is barred by Idaho Code Section 19-4908.[2]

## III.

## CONCLUSION

Alvarez has failed to present any sufficient reason to justify the filing of a successive petition for post-conviction relief. The district court's judgment dismissing his petition is therefore affirmed.

Chief Judge GRATTON and Judge MELANSON **CONCUR.**

---

[2] Alvarez's claim is also without merit. In *State v. Sohm*, 140 Idaho 458, 460, 95 P.3d 76, 78 (Ct. App. 2004), and *State v. Lilly*, 142 Idaho 70, 72, 122 P.3d 1170, 1172 (Ct. App. 2005), we held that because the state must prove that the defendant willfully inflicted injury in order to prove a violation of Idaho Code § 18-918(3), it was error for the district court to deliver an instruction which defined "willful" as a state of mind not necessarily requiring an intent to injure another. Alvarez has asserted that the district court instructed the jury that the State must prove that Alvarez did "willfully and unlawfully inflict a traumatic injury upon [the victim]," similar to another instruction given in *Sohm* and *Lilly*, however he has not asserted that any instruction was given that would relieve the state of its burden to prove an intent to injure. Therefore, Alvarez has not demonstrated error.