## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 38267

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2012 Unpublished Opinion No. 549** |
| | ) | |
| Plaintiff-Respondent, | ) | **Filed: July 5, 2012** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **DUPREE L. MEADOWS,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Fred M. Gibler, District Judge.

Judgment of conviction for burglary; felony destruction, alteration, or concealment of evidence; and being a persistent violator, <u>affirmed</u>; judgment of conviction for resisting or obstructing officers, <u>vacated</u>.

Greg S. Silvey, Star, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Dupree L. Meadows appeals from his judgments of conviction entered upon a jury verdict finding him guilty of burglary; felony destruction, alteration, or concealment of evidence; and resisting or obstructing officers, and the district court's finding that he was a persistent violator. For the reasons set forth below, we affirm in part and vacate in part.

## I.

## FACTS AND PROCEDURE

Several people attending a house party were standing outside when they saw Meadows, who had left the party fifteen to twenty minutes earlier, standing near the host's truck and interpreted his actions as suspicious. Later, the truck's owner noticed several items were missing from the truck and went to Meadows' apartment complex where he saw several of his items in Meadows' parked vehicle. The truck's owner called the police, who arrived on the scene and knocked on Meadows' apartment door. Meadows consented to their entry into the apartment as

1

far as the entryway. The officers questioned Meadows as to the burglary, but he denied involvement and became agitated. Eventually, the officers advised Meadows he was under arrest, but Meadows refused to immediately comply with the officers' orders to turn around and place his hands behind his back, instead sitting down on the sofa. The officers eventually succeeded in arresting him.

Following the arrest, the victim and the officers found items belonging to the victim in a community dumpster at Meadows' apartment complex. After obtaining a search warrant, officers found additional items from the victim's truck in Meadows' vehicle. Other items were found on the patio of Meadows' apartment.

Meadows was charged with burglary, Idaho Code § 18-1401; felony concealment of evidence, Idaho Code § 18-2603; obstructing officers, Idaho Code § 18-705; and being a persistent violator, Idaho Code § 19-2514. Meadows filed a motion to suppress all evidence "obtained as a result of the detention, arrest, search, seizure, and subsequent questioning of the Defendant," alleging the officers lacked probable cause to arrest him and did not comply with the revocation of his consent to their presence in the apartment. Following a hearing, the district court denied the motion. Except for the persistent violator enhancement, which was determined by the district court, a jury found Meadows guilty of all charges. Meadows now appeals.

## II.

## ANALYSIS

Meadows contends the district court erred in denying his motion to suppress. He also argues there was insufficient evidence to support a finding that he had the requisite intent to be convicted of felony concealment of evidence, or, in the alternative, the requisite facts comprising a felony concealment of evidence charge were not charged and were not found by the jury. Finally, he contends there existed a fatal variance in that the charging document varied from the jury instructions and evidence presented at trial in regard to the obstructing officers charge.

### A.     Motion to Suppress

Meadows contends the district court erred in denying his motion to suppress because the officers exceeded the scope of his consent when they entered further into the apartment, beyond the entrance area, to arrest Meadows and/or because his consent to the officers' entry had been revoked. The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact supported by

2

substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

We need not consider the merits of Meadows' contention, however, because even if the officers arrested him in violation of the Fourth Amendment, he has failed to identify what evidence should have been suppressed; specifically, he has failed to identify any evidence acquired *through* the alleged illegal entry and arrest and no such evidence is apparent from the record. As the State points out, the officers did not obtain any substantive evidence as a result of entering the house to arrest Meadows: Meadows did not make any inculpatory statements and no contraband was found inside his apartment. Accordingly, we will not address this issue on appeal. *See State v. Hudson*, 133 Idaho 543, 545, 989 P.2d 285, 287 (1999).

**B.      Sufficiency of the Evidence**

Meadows contends there was insufficient evidence to support the felony concealment of evidence conviction. Specifically, he contends there was insufficient evidence for a jury to find that when he threw out several "worthless" items he stole from the victim's truck, he had the specific intent to prevent the items from being used as evidence.

Appellate review of the sufficiency of the evidence is limited in scope. A finding of guilt will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). We will not substitute our view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, we will consider the evidence in the light most favorable to the prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

3

The statute under which Meadows was charged and convicted provides as follows:

**Destruction, alteration or concealment of evidence.** Every person who, knowing that any book, paper, record, instrument in writing, or other object, matter or thing, is about to be produced, used or discovered as evidence upon any trial, proceeding, inquiry, or investigation whatever, authorized by law, willfully destroys, alters or conceals the same, *with intent thereby to prevent it from being produced, used or discovered*, is guilty of a misdemeanor, unless the trial, proceeding, inquiry or investigation is criminal in nature and involves a felony offense, in which case said person is guilty of a felony . . . .

I.C. § 18-2603 (emphasis added).

The basis of this charge was the evidence found in a communal trash dumpster at Meadows' apartment complex, which included papers and envelopes containing the victim's name and a photo depicting the victim's dog. There was evidence at trial that Meadows was aware he was seen by two witnesses next to the victim's vehicle, picking up papers from the ground and carrying them to his vehicle. It is a reasonable inference from this evidence that Meadows feared the victim would soon discover the theft and come searching for his belongings, prompting Meadows to discard certain items. During closing arguments, the prosecutor pointed out that, for the most part, the stolen items found in Meadows' vehicle and outside his apartment did not have the victim's name on them or other personally identifying characteristics, while the items found in the dumpster that were the basis of the charge either contained the victim's name or were otherwise easily associated with the victim (*e.g.*, the photograph of his dog). On this basis, the prosecutor requested the jury make the inference that Meadows had concealed and discarded the easily identifiable items in the dumpster for the purpose of concealing his connection to the crime--an inference that we deem reasonable.

On appeal, Meadows contends the State failed to prove his intent in throwing the items away was to conceal them and asserts this theory was based merely on speculation. Instead, he argues the "obviously . . . correct answer" is that the items were merely thrown out because they were "worthless," not because he was attempting to hide them. However, as the State points out, Meadows is simply describing an alternate inference that could be drawn from the evidence, and it is well settled that this Court will not substitute its view for that of the jury as to the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001. Meadows has failed to prove his conviction of concealment of evidence was not supported by sufficient evidence.

4

## C.    Felony Concealment Charge

Meadows also contends that even if this Court finds sufficient evidence to uphold his conviction for felony concealment of evidence, the conviction nevertheless cannot stand and should be reduced to a misdemeanor. Specifically, Meadows argues that in order for concealment of evidence to be enhanced to a felony offense, the concealment must have occurred in a criminal investigation involving a felony offense, and the facts that would allow for such enhancement in this case were not charged in the information. He also argues such facts were not found by the jury beyond a reasonable doubt because the jury instruction erroneously omitted that element and, therefore, pursuant to *Apprendi v. New Jersey*, 530 U.S. 466 (2000), he could only be convicted of misdemeanor concealment of evidence.

According to the plain language of the statute, concealment of evidence is a misdemeanor offense unless the "the trial, proceeding, inquiry or investigation is criminal in nature and involves a felony offense, in which case said person is guilty of a felony." I.C. § 18-2603. Here, Meadows was charged in the amended information as follows:

> That the Defendant . . . on or about the 17th day of November, 2009, in the County of Kootenai, State of Idaho, did willfully conceal papers and/or a photo and/or other items knowing that they were about to be produced, used or discovered as evidence in an investigation authorized by law and with the intent to prevent it from being so produced, used or discovered.

At trial, the jury was given the following relevant jury instruction on the concealment of evidence charge:

> In order for the Defendant to be guilty of Concealment of Evidence, as charged in Count II, the state must prove each of the following:
> 1. On or about the 17th day of November, 2009;
> 2. in the state of Idaho;
> 3. the Defendant, . . . knowing that certain items were about to be produced or used or discovered as evidence in a *burglary* inquiry or investigation or proceeding or trial;
> 4. did willfully conceal the same with the intent to prevent it from being produced or used or discovered.
> If each of the above has been proven beyond a reasonable doubt, you must find the defendant guilty. If any of the above has not been proven beyond a reasonable doubt, then you must find the defendant not guilty.

(Emphasis added).

5

Initially we note, as the State points out, Meadows raises this issue for the first time on appeal, and therefore, we must review his assertion pursuant to fundamental error analysis. According to the Idaho Supreme Court, to obtain relief on appeal for fundamental error the following three prongs must be met: (1) the defendant must demonstrate that one or more of the defendant's unwaived constitutional rights were violated; (2) the error must be clear or obvious, without the need for any additional information not contained in the appellate record, including information as to whether the failure to object was a tactical decision; and (3) the defendant must demonstrate the error affected the defendant's substantial rights, meaning (in most instances) that it must have affected the outcome of the trial proceedings. *State v. Perry*, 150 Idaho 209, 226, 245 P.3d 961, 978 (2010).

Under *Apprendi*, any fact (other than a prior conviction) that increases the maximum penalty for a crime must be charged, submitted to a jury, and proven beyond a reasonable doubt. *Apprendi*, 530 U.S. at 476; *State v. Peregrina*, 151 Idaho 538, 540, 261 P.3d 815, 817 (2011). Here, even assuming *Apprendi* applies to the facts of this case, Meadows has not shown fundamental error occurred such that his conviction on this charge must be reversed or reduced.

First, we conclude it is clear the factor of whether the investigation at issue was a criminal, felony investigation was submitted to the jury by virtue of the concealment of evidence jury instruction, which specifically referenced the *burglary* investigation. Although Meadows relies on *State v. Peteja*, 139 Idaho 607, 83 P.3d 781 (Ct. App. 2003) to argue the instruction was deficient, *Peteja* is distinguishable. In that case, Peteja was charged with felony concealment of evidence and the jury was instructed at trial that in order to find Peteja guilty of this charge, the State must have proved Peteja destroyed evidence (a clear baggy with a white powder substance) that he knew was "about to be produced, used, or discovered as evidence *in an investigation authorized by law*." *Id*. at 609-10, 83 P.3d at 783-84 (emphasis added). On appeal, this Court held the jury instruction did not fairly and accurately reflect the applicable law because it omitted the necessary elements that the investigation was "criminal in nature" and "involve[d] a felony offense." *Id*. at 610, 83 P.3d at 784. Here, Meadows argues that, like in *Peteja*, the jury instruction in this case failed to submit the same two elements to the jury and the mere reference to "burglary" is insufficient because while the jury may have known such a charge was criminal, they would not necessarily know it was a felony. This argument is untenable, however, because unlike in *Peteja,* where the instruction completely omitted any reference to the type of

6

investigation at issue, the instruction given to the jury in this case specifically denoted a "burglary" investigation. That the instruction did not define burglary as a criminal, felony offense is not dispositive, as it is not the province of the jury to classify a specific offense. In other words, if the jury found, as they did here, that Meadows engaged in concealment of evidence as to a burglary investigation, it inherently found Meadows engaged in concealment of evidence in the context of a criminal, felony investigation since burglary is a felony crime (a point that Meadows does not dispute). Accordingly, this fact was submitted to the jury and Meadows has failed to show one or more of his constitutional rights was violated.

In regards to the charging document, as Meadows points out, it does not include a designation that the investigation concerned burglary or a felony in general.[1] However, Meadows has not shown this comprised reversible error because he has not demonstrated that, even if this omission constituted fundamental error, the error affected his substantial rights--meaning (in most instances) it must have affected the outcome of the trial proceedings. It was certainly clear to Meadows, regardless of whether it was explicitly stated in the charging document, that the investigation at issue related to his *felony* burglary charge. Thus, we conclude he has failed to show fundamental error in regard to the felony concealment of evidence charge.

## D.    Variance

Meadows argues, for the first time on appeal, there was a fatal variance in that the charging document varied from the jury instruction and evidence presented at trial with regard to the obstructing officers charge. The State concedes a variance existed, but contends it did not rise to the level of fundamental error.

A variance may occur where there is a difference between the allegations in the charging instrument and the proof adduced at trial or where there is a disparity between the allegations in the charging instrument and the jury instructions. *State v. Montoya*, 140 Idaho 160, 165, 90 P.3d 910, 915 (Ct. App. 2004). The existence of a variance constitutes a due process violation if it deprives a defendant of fair notice of the charges against him. *Id*. The existence of an impermissible variance is a question of law over which we exercise free review. *State v.*

---

[1]    Although Meadows mentions in passing the possibility of a variance in this regard, he does not cite any argument or authority for the issue and, therefore, we do not address it on appeal. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996).

*Alvarez*, 138 Idaho 747, 750, 69 P.3d 167, 170 (Ct. App. 2003); *State v. Sherrod,* 131 Idaho 56, 57, 951 P.2d 1283, 1284 (Ct. App. 1998). If it is established that a variance exists, we must examine whether it rises to the level of prejudicial error requiring reversal of the conviction. *See State v. Brazil,* 136 Idaho 327, 329, 33 P.3d 218, 220 (Ct. App. 2001). A determination of whether a variance is fatal depends on whether the basic functions of the pleading requirement have been met. *State v. Windsor*, 110 Idaho 410, 417, 716 P.2d 1182, 1189 (1985); *Brazil,* 136 Idaho at 329, 33 P.3d at 220. A charging instrument meets the basic functions of the pleading requirement if it fairly informs the defendant of the charges against which he or she must defend and enables him or her to plead an acquittal or conviction in bar of future prosecutions for the same offense. *United States v. Bailey,* 444 U.S. 394, 395 (1980); *Brazil*, 136 Idaho at 330, 33 P.3d at 221. A variance is fatal if it amounts to a "constructive amendment." *State v. Jones,* 140 Idaho 41, 49, 89 P.3d 881, 889 (Ct. App. 2003). A constructive amendment occurs if a variance alters the charging document to the extent the defendant is tried for a crime of a greater degree or a different nature. *Id.; State v. Colwell,* 124 Idaho 560, 566, 861 P.2d 1225, 1231 (Ct. App. 1993). In sum, a variance between a charging document and a jury instruction or the evidence adduced at trial requires reversal only when it deprives the defendant of his substantial rights by violating the defendant's right to fair notice or leaving him or her open to the risk of double jeopardy. *State v. Wolfrum*, 145 Idaho 44, 47, 175 P.3d 206, 209 (Ct. App. 2007); *Brazil*, 136 Idaho at 330, 33 P.3d at 221; *Sherrod,* 131 Idaho at 59, 951 P.2d at 1286; *Colwell*, 124 Idaho at 565-66, 861 P.2d at 1230-31.

In addition, where, as here, the defendant did not object to the alleged error below, to obtain relief on appeal for fundamental error the following three prongs must be met: (1) the defendant must demonstrate one or more of the defendant's unwaived constitutional rights were violated; (2) the error must be clear or obvious, without the need for any additional information not contained in the appellate record, including information as to whether the failure to object was a tactical decision; and (3) the defendant must demonstrate the error affected the defendant's substantial rights, meaning (in most instances) it must have affected the outcome of the trial proceedings. *Perry*, 150 Idaho at 226, 245 P.3d at 978.

The amended information charging Meadows with obstructing officers read, in relevant part:

> That the Defendant . . . did willfully resist and/or obstruct a public officer(s) to-wit:  Officers C. Buhl and/or B. McCormick, Coeur d'Alene Police Department, in the discharge of a duty of their office by knowingly mak[ing] a false report to the officers . . . .

Jury Instruction No. 5 informed the jury as to the charge in nearly identical language to the amended information.  However, the elements jury instruction, No. 22, did not mention the making of a false report theory of the crime, and read, in relevant part:

> In order for the defendant . . . to be guilty of Resisting or Obstructing an Officer, as charged in Count III, the state must prove each of the following:
> 1. On or about the 17th day of November, 2009;
> 2. in the State of Idaho;
> 3. the defendant . . . willfully;
> 4. resisted and/or obstructed and/or delayed a public officer;
> 5. in the discharge of or attempt to discharge a duty of his office.

In closing argument, the prosecutor informed the jury there were three ways to violate the statute:  resisting, obstructing, and/or delaying.  He then stated the jury must decide whether Meadows "did one or both or all three of those things" and admitted that while there probably was not evidence to support a conclusion Meadows resisted arrest, there was sufficient evidence Meadows obstructed or delayed the officers after he was told he was under arrest.  The prosecutor specifically pointed to evidence that Meadows failed to immediately acquiesce to the arrest, instead sitting down on the couch and failing to place his hands behind his back, despite being told repeatedly to do so.  The prosecutor argued this behavior was both obstructive and delaying because the officers had to "spend more time dealing with this issue . . . because he [wouldn't] follow their commands."  In addition, he argued Meadows' behavior in refusing to walk out of the apartment, resulting in him having to "essentially sort of [be] half carried" out, and throwing himself down and complaining about injuries afterwards could be interpreted as delaying and obstructing.  Finally, the prosecutor argued Meadows also delayed and obstructed the officers by "not being truthful about what happened" and giving false statements to the officers as to certain details.

The State concedes a variance occurred because Jury Instruction No. 22 allowed the jury to find Meadows guilty of resisting or obstructing officers under an alternate theory--that he

9

physically resisted arrest--not included in the charging document and upon which the State presented evidence at trial and argued in closing. However, the State argues the variance does not constitute fundamental error because Meadows has failed to carry his burden of establishing a variance of constitutional significance requiring reversal; specifically, the State asserts Meadows does not contend the variance left him exposed to double jeopardy and failed to demonstrate from the record that the variance actually prejudiced the preparation of his defense, as there is no indication that had he been provided the requisite notice by the charging document, he would have conducted his cross-examination of the State's witnesses differently or would have presented a different theory of his case at trial. In this regard, the State contends neither the first nor third prongs of *Perry* were shown.

We disagree with the State and conclude the variance in this case amounted to a fatal variance violative of Meadows' right to due process on the basis the record suggests a possibility Meadows was misled or prejudiced in the preparation or presentation of his defense. Our conclusion emanates from several cases in which this Court found a fatal variance existed between the charging document and jury instructions and evidence presented at trial. In *Sherrod*, 131 Idaho 56, 951 P.2d 1283, the amended information charged the defendant with aggravated battery by alleging he "did willfully and unlawfully use force or violence upon the person of [the victim], causing great bodily harm and/or permanent disfigurement, to wit: *by stabbing* [*the victim*] *in the back*," but the trial court instructed the jury that in order for the defendant to be guilty of aggravated battery, the State must prove the defendant "committed a battery upon [the victim]; and . . . when doing so the defendant caused great bodily harm, or permanent disfigurement, or used a deadly weapon or instrument." *Id*. at 58, 951 P.2d at 1285 (emphasis added). Where there was evidence presented at trial that the victim sustained other injuries besides the stab wounds, this Court determined the instruction departed from the charged offense because it allowed the jury to find Sherrod caused great bodily harm or permanent disfigurement based upon *any* injuries that may have been suffered by the victim, whereas the amended information specifically limited the alleged injury to stabbing in the back. *Id*. at 59, 951 P.2d at 1286. We further determined the variance presented no risk of double jeopardy, but concluded it prejudiced the defendant in the presentation of his defense; specifically, the defendant was not placed on notice of a need to present evidence or argument that the victim's other injuries were

of insufficient severity to amount to great bodily harm or permanent disfigurement. *Id*. at 59-60, 951 P.2d at 1286-87.

We considered a similar issue in *Brazil*, 136 Idaho at 329, 33 P.3d at 220, where Brazil had attacked his former girlfriend and caused numerous injuries, including gunshot wounds to her knuckle and finger, a lacerated ear lobe, a cut lip, two black eyes, a cut eye, bruising on her ankles and wrists, and a wound on her scalp. The information charged Brazil with second degree kidnapping and two counts of aggravated battery under two alternative theories--the first being that he committed a battery "causing great bodily harm, to-wit:  shooting [the victim's] knuckle, and/or by means of a deadly weapon; instrument, to wit:  a firearm" and the second, that he committed a battery "causing great bodily harm, to-wit:  shooting the tip of [the victim's] finger, and/or by means of deadly weapon; instrument, to-wit:  a firearm." *Id*. However, the jury instruction defining the elements of aggravated battery only required the jury to find, in relevant part, that Brazil committed a battery upon the victim and "when doing so the defendant caused great bodily harm . . . and/or used a deadly weapon or instrument." *Id*. We agreed with Brazil that the elements instruction departed from the charging document by allowing the jury to find Brazil caused great bodily harm upon any of the injuries suffered by the victim upon which evidence was produced at trial as opposed to the specific injuries described in the information. We concluded this constituted a fatal variance, noting the reasoning utilized in *Sherrod* was applicable to the facts of the case and concluding the variance prejudiced Brazil in the presentation of his defense. Specifically, the information failed to place Brazil on notice of a need to present evidence or argument that the victim's injuries were of insufficient severity to amount to great bodily harm. *Brazil*, 136 Idaho at 331-32, 33 P.3d at 222-23.

Likewise, in this case, the jury instruction and evidence presented at trial allowed the jury to find Meadows guilty on a theory not included in the charging document. Despite the fact the information only presented one theory of resisting or obstructing officers--that Meadows made a false report to the officers[2]--the jury instruction and evidence presented at trial allowed the jury

---

[2]     According to the prosecutor's closing argument, the State's theory as to this charge was that, while being questioned at his apartment regarding the crime, Meadows obstructed or delayed the investigation by "giving false statements to those officers in terms of how he got to the party, in terms of knowing [the victim], and some of the other things he said also delayed and obstructed these officers." However, as pointed out by Meadows, the viability of this theory--that an "exculpatory no" type statement in response to a criminal investigation made

to find Meadows guilty of resisting or obstructing officers based on an entirely different theory--that he resisted, obstructed, and/or delayed by his physical actions when the officers were attempting to arrest him. Like in *Sherrod* and *Brazil*, Meadows was prejudiced in his defense because the information failed to place him on notice of the need to present evidence or argument that his physical actions did not amount to a violation of the resisting or obstructing statute. As in *Sherrod*, "It is an inescapable conclusion that the variance between the charging instrument and the jury instructions in this case prejudiced [the defendant] in the presentation of his defense." *Sherrod*, 131 Idaho at 60, 951 P.2d at 1287.

On this basis, the first prong of *Perry* is satisfied, as we have found Meadows' due process right to notice was violated by the variance. We also conclude the error is clear or obvious, without the need for any additional information not contained in the appellate record, including information as to whether the failure to object was a tactical decision. It is simply not logical that a failure to object to a variance that would allow the jury to convict a defendant on numerous theories, where the information only charged one, would constitute a tactical decision. Further, we conclude the error implicated Meadows' substantial rights in that it allowed him to be tried for a crime of a different nature than that in the charging document and for which he had no notice to defend against. Accordingly, the variance constituted fundamental error and Meadows' conviction for resisting or obstructing officers is vacated.

## III.

## CONCLUSION

We do not address the merits of Meadows' argument that the district court erred in denying his motion to suppress because he has identified no evidence emanating from the alleged illegal arrest that would be subject to suppression even if such a motion was granted. We conclude there was sufficient evidence for a reasonable trier of fact to find Meadows had the requisite specific intent to support the concealment of evidence conviction and Meadows failed to prove fundamental error as to the enhancement of the charge to a felony. Finally, we agree there existed a fatal variance in regard to the obstructing officers charge and conclude it

---

while not under oath can form the basis of an obstruction conviction--is questionable. *See State v. Brandstetter*, 127 Idaho 885, 888, 908 P.2d 578, 581 (Ct. App. 1995). Given our resolution of the variance issue, however, we need not reach the merits of this contention.

amounted to fundamental error. Accordingly, Meadows' judgment of conviction for burglary; felony destruction, alteration, or concealment of evidence; and being a persistent violator is affirmed, but his judgment of conviction for resisting or obstructing officers is vacated.

Judge LANSING and Judge MELANSON **CONCUR.**