IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 41435

| STATE OF IDAHO, | ) | 2015 Unpublished Opinion No. 348 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: February 12, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| ANDREY SERGEYEVICH YERMOLA, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Benjamin R. Simpson, District Judge.

Judgment of conviction for felony concealment of evidence, affirmed.

Sara B. Thomas, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Andrey Sergeyevich Yermola appeals from his judgment of conviction for misdemeanor false imprisonment, felony concealment of evidence, and misdemeanor possession of drug paraphernalia. Specifically, he contends there was insufficient evidence to support the concealment of evidence charge. For the reasons set forth below, we affirm.

I.

FACTS AND PROCEDURE

Yermola drove to his estranged wife's place of employment in Spokane and she voluntarily got into the passenger seat. As they were driving, his wife allowed Yermola to borrow her cell phone, but when she demanded it back, he refused to return it. Yermola then refused to allow his wife to exit the vehicle and "sped off" and drove in a "crazy" manner toward the Coeur d'Alene tribal casino in Idaho. After entering the casino parking lot, Yermola turned

1

the car around and drove to an open area off the side of the road and stopped. There, he pulled out a Beretta .40 caliber pistol from behind the back seat, wiped it off with a sweater, and threw it outside into the snow. Yermola then drove back to the casino parking lot, exited the vehicle, and threw his wife's cell phone into a pond.

Yermola's wife alerted casino security personnel to the incident, and law enforcement responded to the scene. Yermola's wife accompanied officers to the location off the highway where Yermola had thrown the gun. A Beretta .40 caliber pistol, which had been reported stolen months earlier by its owner, was found. Officers also retrieved the cell phone from the pond and found various drug paraphernalia in Yermola's vehicle.

Yermola was charged with second degree kidnapping, Idaho Code §§ 18-4501, 18-4504(2); unlawful possession of a firearm by a felon, I.C. § 18-3316; grand theft by possession of stolen property (the handgun), I.C. §§ 18-2403(4), 18-2407(1); two counts of felony concealment of evidence for the cell phone and the gun respectively, I.C. § 18-2603; and possession of drug paraphernalia, I.C. § 37-2734A. The State subsequently amended the kidnapping charge to misdemeanor false imprisonment, I.C. § 18-2901, and dismissed one count of concealment of evidence, charging Yermola with a single count of felony concealment of evidence for the gun "and/or a cell phone."

Following the State's case-in-chief, upon Yermola's motion the district court dismissed the unlawful possession of a firearm charge, determining the State failed to present evidence that Yermola was a convicted felon who was barred from possessing a firearm. The jury found Yermola guilty of false imprisonment, felony concealment of evidence, and possession of drug paraphernalia, but acquitted him of grand theft by possession of stolen property. Yermola filed a motion for a new trial and a motion for judgment of acquittal. In regard to his conviction for felony concealment of evidence, Yermola argued he was entitled to a judgment of acquittal because "the jury was never given instructions as to what constitutes a felony making it impossible for them to know if the evidence related to a felony." The district court denied the motions. Yermola now appeals.

## II.

## ANALYSIS

Yermola's sole argument on appeal is that there was insufficient evidence to support his conviction for felony concealment of evidence because the jury was never presented with any

2

evidence that either of the items alleged to have been concealed tended to demonstrate the commission of an offense classified as a felony. Idaho Criminal Rule 29 provides that when a verdict of guilty is returned, the court, on motion of the defendant, shall order the entry of a judgment of acquittal if the evidence is insufficient to sustain a conviction of the offense. The test applied when reviewing the district court's ruling on a motion for judgment of acquittal is to determine whether the evidence was sufficient to sustain a conviction of the crime charged. *State v. Fields*, 127 Idaho 904, 912-13, 908 P.2d 1211, 1219-20 (1995). When reviewing the sufficiency of the evidence where a judgment of conviction has been entered upon a jury verdict, the evidence is sufficient to support the jury's guilty verdict if there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991).

Idaho Code § 18-2603 defines the crime of "Destruction, alteration or concealment of evidence" as follows:

> Every person who, knowing that any book, paper, record, instrument in writing, or other object, matter or thing, is about to be produced, used or discovered as evidence upon any trial, proceedings, inquiry, or investigation whatever, authorized by law, wilfully destroys, alters or conceals the same, with intent thereby to prevent it from being produced, used or discovered, is guilty of a misdemeanor, *unless the trial, proceeding, inquiry or investigation is criminal in nature and involves a felony offense, in which case said person is guilty of a felony* and subject to a maximum fine of ten thousand dollars ($10,000) and a maximum sentence of five (5) years in prison.

(emphasis added).

In *State v. Peteja*, 139 Idaho 607, 83 P.3d 781 (Ct. App. 2003), this Court discussed the dual structure of the statute:

> Section 18-2603 establishes two classifications for the crime of the destruction, alteration, or concealment of evidence. First, the statute classifies the crime as a misdemeanor offense. Parsing out the statute's text and linguistic meaning, the elements of this misdemeanor offense are as follows:
> 1. The defendant knew that an object was about to be produced, used, or discovered as evidence in any legally authorized trial, proceeding, inquiry, or investigation;
> 2. The defendant willfully destroyed, altered, or concealed that object; and

3

> 3. The defendant in acting to destroy, alter, or conceal that object intended to prevent the object's production, use, or discovery.
>
> Second, section 18-2603 elevates the misdemeanor to a felony offense where "the trial, proceeding, inquiry or investigation is criminal in nature and involves a felony offense." This language modifies only the first above-stated statutory element, which may be restated for a felony destruction of evidence offense as follows:
>
> 1. The defendant knew that an object was about to be produced, used, or discovered as evidence in any legally authorized trial, proceeding, inquiry, or investigation *involving a felony offense*.

*Id*. at 610, 83 P.3d at 784 (emphasis added). Whether the investigation "involves a felony offense" depends upon on whether the evidence that was destroyed, altered, or concealed would have tended to demonstrate the commission of a felony. *Id*. at 612, 83 P.3d at 786.

Here, in regard to the concealment of evidence charge, the jury was instructed, in relevant part, that the State must prove:

> 3. the defendant . . . knowing that a Beretta .40 caliber pistol and/or a cell phone were about to be produced or used or discovered as evidence in a felony trial or inquiry or investigation;
> 4. did willfully conceal the same with the intent to prevent it from being produced or used or discovered.

Yermola contends the State was required to prove the underlying offense was a felony and there was no specific evidence presented in this case that the evidence alleged to have been concealed--a handgun or cell phone--tended to demonstrate the commission of a crime classified as a felony (as opposed to a lesser offense). He contends the officers only testified that they conducted an investigation, but did not testify as to the severity of the crimes investigated and that although Yermola was charged with at least one felony relating to this evidence (grand theft by possession), the jury was not actually presented with evidence that the crime was a felony.

The State does not dispute that there was no evidence presented that the alleged underlying crime[1] was a felony. Rather, the State argues it was sufficient that it presented substantial evidence that Yermola concealed evidence (the handgun) that would have tended to

---

[1] It is unclear what underlying felony the State was alleging Yermola attempted to conceal by throwing the cell phone into the pond. The only possible underlying crime appears to be kidnapping, which was reduced to a misdemeanor false imprisonment charge before trial. On appeal, the State appears to recognize this and focuses nearly exclusively on the handgun and the felony grand theft charge.

4

demonstrate the commission of grand theft by possession of stolen property which is, in fact, a felony. That the jury was not presented with evidence that grand theft is a felony is inconsequential, the State contends, because whether an offense is a felony or misdemeanor is a question of law outside the jury's domain.

We agree with the State that this element of the offense does not require the jury to find that a particular offense is classified as a felony; rather, it is sufficient that the jury finds that the concealment occurred in regard to a crime that is, in fact, a felony. In other words, if a jury finds that a defendant engaged in concealment of evidence as to a crime that is classified as a felony, it inherently finds that the defendant engaged in concealment of evidence in the context of a criminal, felony investigation as required by the statute. Here, the jury was specifically instructed that it must find that the evidence was concealed in regard to a "felony trial or inquiry or investigation" which substantively mirrors the elements set forth in *Peteja*.[2] And, as the State points out, there was substantial evidence presented to the jury that the gun at issue in the concealment charge would have tended to demonstrate the commission of another crime that Yermola was charged with, grand theft by possession of stolen property, which is, in fact, a felony. At trial, the registered owner of the gun testified that it had been stolen from his vehicle in November 2012 and had remained missing until law enforcement found it in the snow where Yermola's estranged wife said Yermola had thrown it. The registered owner identified the gun in court, both visually and by serial number, as the same gun he had purchased and that was stolen from his vehicle. Thus, there was sufficient evidence for the jury to have found that the gun tended to demonstrate the commission of grand theft by possession of stolen property and thus, inherently, that it involved a felony offense. Yermola's conviction for felony concealment of evidence is affirmed.

Chief Judge MELANSON and Judge GRATTON, **CONCUR**.

---

[2] Idaho does not have a model jury instruction for the crime of destruction, alteration, or concealment of evidence.